IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| FREDERICK BANKS, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2:15-cv-0700 |
| v. | ) | District Judge David S. Cercone |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| TIMOTHY PIVNICHNY, *et al.*, | ) | |
| Defendants. | ) | ECF No. 1 |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Frederick Banks (ECF No. 1) be denied and that the Clerk of Court mark this case closed.

### II. REPORT

Plaintiff, Frederick Banks, commenced this civil action on May 29, 2015 in this Court by filing a Motion for Leave to Proceed in Forma Pauperis (ECF No. 1) by filing Form AO 240, "An Application to Proceed in District Court Without Prepaying Fees or Costs." Pursuant to 28 U.S.C. § 1915(a), when a plaintiff has requested leave to proceed in forma pauperis, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e).

1

Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall*, *C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke,* 490 U.S. at 325). Thus, pursuant to § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

Dismissal of the complaint as malicious under § 1915(e)(2)(B)(i) is warranted where after examining the litigant's subjective motivation for filing the lawsuit, the court determines that the action is an attempt to vex, injure or harass the defendant. *Daley v. U.S. Attorneys Office*, 538 F. App'x 142, 143-44 (3d Cir. 2013) (citing *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995)). Some courts have recognized more objective instances of malicious claims, for example, where the complaint "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Daley v. U.S. Dist. Court Dist. of Del*., 629 F. Supp.2d 357, 359-60 (D. Del. 2009) (citations and internal quotation marks omitted), *aff'd,* 383 F. App'x 178 (3d Cir. 2010), or where the complaint "is plainly

abusive of the judicial process," *Abdul-Akbar v. Dep't of Corr.,* 910 F. Supp. 986, 999 (D. Del. 1995) (citations omitted), *aff'd*, 111 F.3d 125 (3d Cir. 1997).

Plaintiff has named 76 defendants—68 of which are individuals[1] and 8 of which are federal agencies/branches of government[2]—in the complaint attached to his Motion for Leave to Proceed in forma pauperis. Plaintiff alleges that Defendants violated his right to due process under the Fifth and Fourteenth Amendments, as well as the "bad men" clause under the Sioux Treaty of Fort Laramie. *See* ECF 1-1 at 3. For relief, Plaintiff has requested in excess of $500,000,000 in damages. While Plaintiff has named 76 defendants, his complaint consists of two paragraphs, approximately one page long, and only mentions 14 of these defendants in the body of the complaint, mostly in a one-sentence, conclusory allegation. Plaintiff's allegations appear to center on the actions of defendant Timothy Pivnichny, a special agent with the FBI, that allegedly took place in 2003 and 2004, and the other defendants' alleged failure to investigate Pivnivhny's actions, despite being informed of same by Plaintiff.

The motion for IFP is defective in two respects. First, it does not attach service copies for each defendant named in the complaint or the required Marshal's 285 form

---

[1] For example, Plaintiff has named President Obama; Mitt Romney; Hillary Rodham Clinton; Senator Richard Burr; Judges Joy Flowers Conti, Nora Barry Fischer, and Cynthia Reed Eddy of this District Court; Judge Thomas Hardiman of the U.S. Court of Appeals for the Third Circuit; 44 U.S. District Judges from the Middle District of Florida (one of whom, the Honorable George C. Young, passed away on April 25, 2015); two U.S. probation officers from this District; the former U.S. Attorney and two current Assistant U.S. Attorneys from this District; and a report for a local newspaper.

[2] Included are the FBI; CIA; CIA Office of Science and Technology; United States District Court for the Western District of Pennsylvania; U.S. Probation Office, WDPA; Administrative Office of the U.S. Courts; United States Senate; and the United States Congress.

completed for each defendant. More importantly, Plaintiff has not attached a statement making the required certifications as ordered by Judge Nora Barry Fischer in her Memorandum Order dated November 6, 2013 (ECF No. 10) in Case No. 2:13-cv-1198, in which she denied Plaintiff's motion for leave to proceed in forma pauperis and also entered the following order:

> **IT IS FURTHER ORDERED** that as to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), in addition to the other requirements for requesting *in forma pauperis* status, Plaintiff is required to attach to his motion for leave to proceed *in forma pauperis* a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Plaintiff fails to attach this certification, such failure will result in denial of the motion for leave to proceed *in forma pauperis.* If it should be determined that a false certification has been made, Plaintiff may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

*Banks v. Unknown Named Number of U.S. Postal Inspectors,* Case No. 2:13-cv-1198, Mem. Order, ECF No. 10 (W.D. Pa. Nov. 6, 2013). Accordingly, because Plaintiff has failed to attach the required certification to his IFP motion, the Court recommends that his motion for leave to proceed in forma pauperis be denied and the case closed. Should Plaintiff wish to proceed with this case, he must file a motion to reopen the case and submit either the required certification statement or the $400 filing fee.[3]

---

[3] Moreover, Plaintiff's claims would not likely survive pre-service dismissal under 28 U.S.C. §1915(e)(2)(B), since the judicial defendants are immune from suit seeking money damages, the complaint fails to assert any facts against 62 of the named defendants, the statute of limitations would bar the claims against the remaining

4

### III.  **CONCLUSION**

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Frederick Banks (ECF No. 1) be denied and that the Clerk of Court mark the case closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  June 2, 2015

BY THE COURT:

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
U. S. Magistrate Judge

cc:  Frederick Banks
U.S. Steel Tower
600 Grant Street
Suite 660
Pittsburgh, PA   15219
*Via First Class Mail*

---

defendants, and his claims for alleged violations his constitutional rights against the CIA/CIA Office of Science and Technology and the "bad men" clause of the Treaty of Fort Laramie have been raised in previous litigation and dismissed as frivolous.